# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. BROOKS, | 1:09-cv-00039-DLB (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| HECTOR RIOS, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 4.)

On August 4, 2005, Petitioner was sentenced to a term of 84-months imprisonment and a 3-year term of supervised release in the United States District Court Western District of Missouri. The District Judge ordered the federal sentence to "run consecutive with any term of imprisonment, pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case CR1043286F." In addition, the court imposed the sentence to run "concurrently with any term of imprisonment pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case No. 104-3112F and CR104-3309F." See Flagg Declaration ¶3b, Attachment 3.

On September 19, 2005, Petitioner was sentenced in Clay County, Missouri, Circuit Court to a 5-year concurrent term in each case no. CR104-3286F and CR104-3309F. Id. at ¶3c,

1

Attachment 2.

Petitioner filed the instant petition for writ of habeas corpus on January 8, 2009, and challenges the sentence computation by the Bureau of Prisons ("BOP") as to the sentence imposed in the Western District of Missouri, in matter 04-031-01CR-W-ODS, for a conviction of 18 U.S.C. section 922(g)(1) and 924(A)(2), Felon in Possession of Ammunition. More specifically, Petitioner claims that he is entitled to receive credit on his federal sentence from October 6, 2004, to the date of commencement of his federal sentence on September 6, 2006, and his federal sentence should have run as a concurrent designation to his later sentence imposed by the Missouri state court.

Respondent filed an answer to the petition on May 23, 2009. (Court Doc. 10.) Petitioner did not file a traverse.

DISCUSSION

I.    Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the United States Penitentiary in Atwater, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

III.     Review of Petition

    A.     Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Respondent does not argue that the petition is unexhausted, and Petitioner submits a copy of an administrative appeal case number 488495-A2, wherein Petitioner requested credit to be applied toward his federal sentence for the period from October 6, 2004, through August 4, 2005. (Exhibit C, to Petition.) The appeal was denied on September 22, 2008. (Id.)

    B.     Sentence Computation

Petitioner was arrested on September 2, 2004, by Missouri state law enforcement officials on two warrants. In Case No. CR104-003286FX, Petitioner was charged with Burglary in the second degree. In Case No. CR104-003309FX, Petitioner was charged with Possession of a Controlled Substance.

On October 6, 2004, Petitioner was prosecuted in the federal court on charges of Felon in Possession of Ammunition, after issuance of a writ of habeas corpus ad prosequendum executed with the State of Missouri, who had primary custody of Petitioner. On August 4, 2005, Petitioner was sentenced to a term of 84-months imprisonment and a 3-year term of supervised release.

The sentencing judge ordered the federal sentence to "run consecutive with any term of imprisonment, pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case CR1043286F."  In addition, the court imposed the sentence to run "concurrently with any term of imprisonment pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case No. 104-3112F and CR104-3309F."  See Flagg Declaration ¶3b, Attachment 3.

On August 8, 2005, Petitioner was returned to State custody.  On September 19, 2005, Petitioner was sentenced in Clay County, Missouri, Circuit Court to a 5-year concurrent term in each case.  Id. at ¶3c, Attachment 2.

The Missouri Department of Corrections commenced Petitioner's state sentence on September 2, 2004-the date of his arrest, and applied all time in custody to the Missouri 5-year concurrent sentences.  Petitioner was paroled from the State of Missouri on September 6, 2006, to the federal detainer.  It was at that point in time that Petitioner came under exclusive federal jurisdiction.  Therefore, Petitioner's federal sentence commenced as of September 6, 2006, with no prior custody credits because all the time in custody had been applied by the State of Missouri.  Petitioner currently has a projected good conduct time release date of November 27, 2012.  Id. at Attachment 5.

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."  The attorney General is responsible for sentence computation decisions under § 3585.  United States v. Wilson, 503 U.S. 329 (1992); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).  Sentence computation authority has been delegated to the Federal Bureau of Prisons.  28 C.F.R. § 0.96; see also United States v. Moore, 987 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or

>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).

In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Id</u>. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of <u>habeas corpus ad prosequendum</u>. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991). When a prisoner is borrowed from primary custody by way of a writ of ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed. <u>See</u> <u>United States v. Warren</u>, 610 F.2d at 684-685.

If the credit for the time spent in custody from October 6, 2004, to September 6, 2006, is applied to his federal sentence, it would constitute unauthorized dual credit pursuant to § 3585(b). As stated in the Declaration of Kinda Flagg, the State of Missouri credited Petitioner will all time in custody since his arrest on September 2, 2004, in its computation of his two concurrent state sentences. <u>See</u> <u>Flagg Declaration</u>, at ¶8.

Petitioner's federal sentence commenced on September 6, 2006, the date he was paroled by the State of Missouri, and he was awarded credit from that date forward. Pursuant to §3585, as upheld in <u>Wilson</u>, Petitioner is not entitled to credit against his federal sentence for the time spent in Missouri custody as prior custody credit, because all time in custody as of September 2, 2004 (the date of arrest by Missouri state officials), was credited to the STATE sentences. Therefore, Petitioner is not entitled to any additional credit toward his federal sentence.

With regard to the imposition of the state court sentences, Respondent argues that the primary jurisdiction of the concurrent State of Missouri sentences voided the "concurrent" portion of the District Judge's order. Respondent is correct.

On August 4, 2005, Petitioner was sentenced to a term of 84-months imprisonment and a 3-year term of supervised release. The District Judge ordered the federal sentence to "run consecutive with any term of imprisonment, pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case No. CR1043286F." The court also indicated that the sentence was to run "concurrently with any term of imprisonment pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case No. 104-3112F and CR104-3309F." This sentence was authorized under existing Eighth Circuit case law, United States v. Mayotte, 249 F.3d 799 (8th Cir. 2001). See Flagg Declaration, Attachment 3.

Although the District Court imposed the federal sentence as a concurrent sentence with "any future sentence in state matter CR104-3309F," it also imposed the federal sentence as a consecutive sentence to "run consecutive with any term of imprisonment, pursuant to any judgment the defendant receives in Clay County, Missouri, Circuit Court Case No. CR1043286F."

When the state court imposed its sentences concurrently in both CR1043286F and CR104-3309F, the concurrent portion of the District Judge's order was rendered meaningless. Because the state retained primary jurisdiction, federal jurisdiction did not commence until state authorities relinquish primary jurisdiction and custody. See Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992). The state court sentenced Petitioner to concurrent terms on both cases and there was only one five-year term of imprisonment. As a result, the BOP could not comply with the District Judge's order to run the federal sentence consecutive to CR1043286F and concurrent to CR104-3309F. Therefore, Petitioner's federal sentence commenced when the state released him in 2006.

This conclusion is in compliance with the applicable federal law, set forth in 18 U.S.C. § 3568, which states in pertinent part:

> The sentence of imprisonment of any person convicted of an offense in a court of the Untied States shall commence to run from the date on which such person is received at the penitentiary, . . . for service of said sentence. . . . If any such person shall be committed to a jail or other place of detention to await transportation to the place at which is sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

1  Thus, Petitioner's federal sentence commenced on September 6, 2006, the date the State of Missouri relinquished primary jurisdiction to the federal detainer and paroled Petitioner. Petitioner's claim to the contrary is without merit.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED; and,

2. The Clerk of Court is directed to enter judgment in favor of Respondent.


IT IS SO ORDERED.

Dated:   **June 29, 2009**             /s/ **Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE